# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-1894V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * *
ELIZABETH WATKINS,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.
* * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Dated: June 4, 2021

*Leah VaSahnja Durant*, Law Office of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Colleen Hartleys*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On December 6, 2017, Elizabeth Watkins filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] alleging that the influenza vaccine she received on October 8, 2016, caused her to experience a shoulder injury related to the vaccine administration. The case was originally assigned to the Special Processing Unit, but was transferred out after Respondent filed a Rule 4(c) Report recommending that entitlement to

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

compensation be denied. The matter was then assigned to Special Master Roth, but subsequently transferred to me on July 30, 2020. *See* Docket Entry, dated July 30, 2020. On October 16, 2020 I issued a decision awarding damages based on an agreed upon stipulation by the parties. *See* Decision, dated Oct. 16, 2020 (ECF No. 54).

Petitioner has now filed a motion for a final award of attorney's fees and costs for all work performed on the matter since its inception. Application for Attorney's Fees and Costs, filed May 27, 2021 (ECF No. 59) ("Fee App."). Petitioner requests a final award of $40,110.75—$38,826.60 in attorney's fees, plus $1,284.15 in costs. *Id.* at 1. The costs requested include costs for medical record retrieval, medical record review fees, and shipping costs. Costs Invoice, filed as Ex. 59-2 on May 27, 2021 (ECF No. 59-2).

Respondent reacted to the fees request on June 1, 2021. *See* Response, dated June 1, 2021 (ECF No. 60). Respondent is satisfied that the statutory requirements for a fees award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 3–4. Petitioner replied to Respondent's reaction on June 1, 2021 noting that Respondent raises no specific objections in his response and reiterating her entitlement to attorneys' fees and costs.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$40,110.75**.

## ANALYSIS

**I.    Reasonable Attorney's Fees**

Under the Vaccine Act, successful petitioners like Ms. Watkins are entitled to an award of reasonable attorney's fees and costs. Section 15(e)(1). Thus, the only question posed herein is the calculation of the award to be made.

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C.,

for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|---|---|
| **Ms. Leah Durant (Attorney)** | $350 | $375 | $377 | $380 | $395 | $420 |
| **Paralegals** | $145 | $145 | $150 | $150 | $160 | $165 |

Fees Invoice, filed May 27, 2021 (ECF No. 59-1) ("Fees Invoice").

Ms. Durant (who practices in Washington, DC) is "in forum," and is therefore entitled to the rates established in *McCulloch*. The rates requested for Ms. Durant (as well as the paralegal work performed in this case) are also consistent with what has previously been awarded in the Program for her work, and in accordance with the Office of Special Masters' fee schedule.[3] *See, e.g., Dorr v. Sec'y of Health & Hum. Servs.*, No. 19-237V, 2021 WL 2000304 (Fed. Cl. Spec. Mstr. Apr. 19, 2021); *Hanson v. Sec'y of Health & Hum. Servs.*, No. 16-997V, 2018 WL 2772519, at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2018); *Goins v. Sec'y of Health & Hum. Servs.*, No. 15-848V, 2018 WL 702104, at *7 (Fed. Cl. Spec. Mstr. Jan. 10, 2018). Thus, I find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable, and therefore award fees for all work performed on the case, as requested in the fees application.

II.     **Calculation of Costs**

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,284.15 in costs incurred since the claim's filing, including medical record retrieval, medical record review fees, and shipping costs. Fees App. at 1; Costs Invoice. Such costs are typical in Program cases, were reasonably incurred in this matter, and are thus eligible for reimbursement.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I therefore award a total of $40,110.75, reflecting $38,826.60 in attorney's fees and $1,284.15 in costs, in the form of a check made jointly payable to Petitioner and her attorney Ms. Leah Durant.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.